1  **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

3  Name  PIÑA.        PABLO.       P.
4       (Last)        (First)     (Initial)
5  Prisoner Number  D-28079
6  Institutional Address  PELICAN BAY STATE PRISON (D-4 102 SHU)
7  P.O. BOX 7500   CRESCENT CITY, CALIF  95531

========================================

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

10  PABLO PAUL PIÑA                    CV 08    2685
11  (Enter the full name of plaintiff in this action.)

                       vs.
                                          Case No. _____
12  DISTRICT ATTORNEY, JOYCE ALLEGRO DOUGHERTY   (To be provided by the clerk of court)
13  DISTRICT ATTORNEY, DOLORES. A. CARR
                                          **COMPLAINT UNDER THE**
14  CHIEF OF POLICE, ROBERT. L. DAVIS.    **CIVIL RIGHTS ACT,**
                                          **42 U.S.C §§ 1983**
15  CITY OF SAN JOSE, CALIFORNIA.
16  ALLAN NOODLEMAN. FORMER DISTRICT ATTORNEY.
    (Enter the full name of the defendant(s) in this action)

                                                                              (P

18  *[All questions on this complaint form must be answered in order for your action to proceed..]*
19  I.    Exhaustion of Administrative Remedies
20        [**Note:** You must exhaust your administrative remedies before your claim can go
21        forward. The court will dismiss any unexhausted claims.]
22        A.   Place of present confinement  PELICAN BAY STATE PRISON
23        B.   Is there a grievance procedure in this institution?
24             YES (x)    NO ( )
25        C.   Did you present the facts in your complaint for review through the grievance
26             procedure?
27             YES ( )    NO (x)  THIS DOES NOT APPLY TO PRISON CONDITIONS.
28        D.   If your answer is YES, list the appeal number and the date and result of the appeal at

COMPLAINT                        - 1 -

```
 1 |              each level of review. If you did not pursue a certain level of appeal, explain why.
 2 |                 1. Informal appeal _____
 3 |                                            N/A
 4 |              _____
 5 |                 2. First formal level_____
 6 |                                            N/A
 7 |              _____
 8 |                 3. Second formal level_____
 9 |                                            N/A
10 |              _____
11 |                 4. Third formal level _____
12 |                                            N/A
13 |              _____
14 |         E.   Is the last level to which you appealed the highest level of appeal available to you?
15 |                 YES ( )     NO (X)    N/APPLICABLE.
16 |         F.   If you did not present your claim for review through the grievance procedure, explain
17 | why. THE ISSUES BEING RAISED HERE ARE NOT RELATED TO PRISON TERM,
18 | OR CONDITIONS.
19 | _____
20 | II.   Parties
21 |       A.   Write your name and your present address. Do the same for additional plaintiffs, if any.
22 |            PABLO PIÑA D-28079
23 |            PELICAN BAY STATE PRISON (SHU).
24 |            P.O. BOX 7500 CRESCENT CITY, CALIF 95531
25 |       B.   Write the full name of each defendant, his or her official position, and his or her place of
26 |            employment.
27 |            DOLORES. A. CARR   DISTRICT ATTORNEY.   ALLAN NOODLEMAN
28 |            70 WEST HEDDING STREET.                 FORMER DIST. ATTORNEY
                SAN JOSE, CALIF 95110                   70 WEST HEDDING ST.
                                                        SAN JOSE, CALIF 95110
```

COMPLAINT                           - 2 -

| | |
|---|---|
| ROBERT L. DAVIS. CHIEF OF POLICE. | JOYCE ALLEGRO DOUGHERTY |
| 201 W. MISSION ST. | DISTRICT ATTORNEY. |
| SAN JOSE. CALIF 95110 | 70 WEST HEDDING ST. SAN JOSE, CALIF 95110 |

III.   Statement of Claim

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

CLAIM-I: POLICE CHIEF DAVIS HAS REFUSED TO TURN OVER EVIDENCE THAT POLICE HAVE IN THEIR FILES. SPECIFICALLY TAPE RECORDED EVIDENCE OF WITNESSES THAT FALSELY TESTIFIED AGAINST PLAINTIFF. AND INFORMATION REGARDING A DEAL THE POLICE MADE WITH LARRY MEJIA AN INFORMANT SO HE COULD SET PLAINTIFF UP FOR THE POLICE TO ARREST HIM IN 1983-1984. IN CASE NO- 84-052-0032    WHICH IS A VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS.

CLAIM-II: DISTRICT ATTORNEY JOYCE ALLEGRO DOUGHERTY PROSECUTED THE CASE AND KNOWINGLY ALLOWED PERJURED TESTIMONY TO BE USED EVEN THOUGH THE TAPES SHE HAD CONTRADICTED WHAT HER WITNESSES WERE TESTIFYING TO. THE PROSECUTION ALSO HAD INFORMATION THAT AN INFORMANT LARRY MEJIA WAS SENT BY POLICE TO TRY AND SET PLAINTIFF UP TO BE ARRESTED AND FAILED TO DISCLOSE THIS INFORMATION. IN VIOLATION OF DUE PROCESS GUARANTEED BY THE U.S. CONSTITUTION.

CLAIM-III:
ALLAN NOODLEMAN IS A FORMER DISTRICT ATTORNEY WHO WAS ARRESTED AND LATER CONVICTED OF RECIEVING STOLEN PROPERTY. AND WAS THE SUPERVISING ATTORNEY. HE ALSO TRIED A CASE WHERE OSWALD TESTIFIED FOR HIM. HE KNEW SHE WAS AN INFORMANT AND DIDN'T DISCLOSE THIS TO THE DEFENSE. OSWALD WAS GIVEN A PLEA BARGAIN FOR HER TESTIMONY AGAINST PLAINTIFF. A VIOLATION OF DUE PROCESS RIGHT.

CLAIM-IV: DOLORES CARR. DISTRICT ATTORNEY. HAS REFUSED TO TURN OVER THE FILES AND EVIDENCE USED AND NOT USED IN THE ARREST AND CONVICTION OF PLAINTIFF. WHO HAS TRIED FOR YEARS TO OBTAIN THIS EVIDENCE TO USE TO FILE A HABEAS CORPUS WRIT SEEKING RELIEF FOR A TAINTED CONVICTION. DEPRIVING PLAINTIFF OF A RIGHT TO A FAIR TRIAL. AND DUE PROCESS OF LAW.

IV.   Relief

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

PLAINTIFF DOES NOT SEEK DAMAGES, OR MONETARY RELIEF. BUT INSTEAD SEEKS ONLY THE EVIDENCE AND FILES THAT THE POLICE DEPARTMENT HAS IN ITS POSSESSION, BUT NOT EVIDENCE THAT CAN NOT BE REPRODUCED OR COPIED. PLAINTIFF ASKS ONLY FOR COPIES OF ALL WRITTEN REPORTS. TAPE RECORDINGS. TYPED REPORTS AND NOTES FROM

COMPLAINT              - 3 -

1  ALL DEFENDANTS RELATED TO CASE NO. 84-052-0082     PLAINTIFF WANTS COPIES OF
2  ALL DEALS MADE WITH WITNESSES. COPIES OF THE DEAL MADE WITH LARRY MEJIA BY THE
3  POLICE. AND ANY OTHER INFORMANTS THAT GAVE POLICE INFORMATION WHICH IS IN THEIR
   FILES.
4       I declare under penalty of perjury that the foregoing is true and correct.

6       Signed this __18th__ day of __MAY__, 20_08_

8                          _____
9                          (Plaintiff's signature)

COMPLAINT                          - 4 -

NAME: Pablo Piña
CDC NO: D-28079  HOUSING: D-4 102
PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA 95532

**CONFIDENTIAL LEGAL MAIL**

RECEIVED
MAY 27 2008
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

U.S. Northern Dist. of Ca.
U.S. Courthouse
450 Golden Gate Ave.
San Francisco, Ca. 94102-3483



PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City CA 95532

UNITED STATES POSTAGE
PITNEY BOWES
$ 05.050
MAILED FROM ZIP CODE 95531
MAY 23 2008